FILED
SUPERIOR COURT
OF GUAM

2018 JAN -3 PM 2:46

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

ESTATE OF SEVERA PANGELINAN GOGUE and TERESITA PANGELINAN LATOUR,

Plaintiffs

vs.

JESUS T. PANGELINAN, ET AL.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0347-16

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on July 10, 2017 for a Bench Trial on Plaintiff's Complaint to Quiet Title to Estate 471, Dededo, Guam; for partition of Estate 471; breach of fiduciary duties; and declaratory judgment.

Plaintiffs ESTATE OF SEVERA PANGELINAN GOGUE and TERESITA PANGELINAN LATOUR ("Plaintiffs") were present and represented by counsel, Anita A. Arriola, Esq. Defendants JESUS T. PANGELINAN and JESSE F. PANGELINAN ("Defendants JESUS and JESSE PANGELINAN") were present and represented by counsel, F. Randall Cunliffe Esq. The remaining defendants were represented by John S. Unpingco, Esq.

Having considered the testimony of the parties and various exhibits, the Court hereby enters the following Findings of Fact and Conclusions of Law.[1]

---

[1] To the extent that a finding of fact should be deemed a conclusion of law or a conclusion of law deemed a finding of fact, it shall be so considered.

ORIGINAL

## BACKGROUND

This matter arises out of the Plaintiffs' Complaint to Quiet Title to Estate 471, Dededo, Guam; for Partition; Breach of Fiduciary Duties; and Declaratory Judgment filed April 22, 2016. Petitioners seek quiet title to determine the interests of the heirs of Juan Unpingco Pangelinan, a partition of the relevant property according to such interests, damages for breach of fiduciary duty by the Co-Administrators of Juan's Estate, and a Declaratory Judgment as to those issues.

## FINDINGS OF FACT

By a preponderance of the evidence, the Court makes the following findings of fact:

1. Juan Unpingco Pangelinan ("Juan") owned Estate 471, Dededo, Guam ("the Property").

2. Juan was married to his first wife, Maria Torres, and they had four children – Jose Pangelinan, Regina Pangelinan, Delfina Pangelinan, and Jesus Pangelinan.

3. Juan's first wife Maria Torres Pangelinan died.

4. Juan then married Maria Castro Pangelinan, who bore him two children, Severa Pangelinan and Teresita Pangelinan.

5. Juan died during World War II and was survived by his second wife, Maria Castro Pangelinan.

6. Juan's Estate was initially admitted to probate in 1945, In the Matter of the Estate of Juan Pangelinan Unpingco, Probate Case No. PR0199-45. A Decree Settling Final Account of Administratix and Final Distribution ("Decree") issued on November 13, 1952 held that Maria was to receive one-third (1/3) of the "rest and residue" of the Estate, including "any other property not now known or discovered which may belong to said estate or in which said estate may have an interest." The Decree further provided that Juan's six (6) surviving children would equally share in the remaining two-thirds (2/3) of Juan's Estate.

7. On September 16, 1952, a judgment was filed in Civil Case No. 10-50 in the United States District Court of Guam that documented the taking, condemnation, and compensation of Lot No. Unsurveyed, Place of Agui, Estate No. 471, Dededo by the United States of America ("U.S.") from the Estate of Juan Pangelinan Unpingco.

8. Maria died in 1963 and her Estate was admitted to probate in <u>In the Matter of the Estate of Maria Castro Pangelinan</u>, Probate Case No. PR0092-63. A Stipulation and Order for Final Distribution ("Stipulation"), was issued on June 23, 2003, in which Plaintiffs equally shared in Maria's Estate, as they were her only surviving children.

9. On April 25, 2001, the U.S. returned certain property described as Lot Naval Radio Station (R) Finegayen-1 (formally Federal Aviation Administration Site) to the Guan Economic Development Authority ("GEDA") by Quitclaim Deed recorded at Department of Land Management of the Government of Guam ("DLM") under Instrument No. 636649.

10. The Quitclaim Deed provides that the U.S. forever quitclaim unto GEDA, its successors and assigns, any and all right, title, interest, claim and demand which the U.S. has in and to Lot Naval Radio Station (R) Finegayen-1.

11. As required by Public Law 23-141 and 25-45, GEDA transferred the same property to Guam Ancestral Lands Commission ("GALC") on June 6, 2001, by Quitclaim Deed recorded at DLM under Instrument No. 638644.

12. On August 24, 2004, GALC held a Title Hearing on Estate 471. It was found in that Title Hearing that Estate 471, Dededo or portion thereof, is within the boundaries of the returned property described as Lot Naval Station (R) Finegayen-1.

13. On August 27, 2004, GALC issued a final written decision and order finding that six (6) siblings, namely Jose T. Pangelinan, Jesus T. Pangelinan, Regina P. Duenas, Delfina P. Flores, Severa C. Pangelinan, and Teresita C. Pangelinan are the ancestral landowners of Estate 471, Dededo, through a distribution of the Estate of Juan Unpingco Pangelinan.

14. On or about September 16, 2004, GALC conveyed Estate 471 by Quitclaim Deed recorded under Instrument No. 697876, as contained in Lot Naval Radio Station (R) Finegayen-1 to the landowners.

15. The Affidavit of Transferee attached to GACL's Quitclaim Deed reserved the rights of all of Juan's heirs to petition a court to determine the heirs' respective interests in the Property.

16. Following the Deed from GALC, grantees Jesus T. Pangelinan and Jesse F. Pangelinan, represented by Attorney John Unpingco, were appointed Co-Administrators of the Estate of Juan Unpingco Pangelinan in Probate Case No. PR027-12.

17. Defendants Jesus Pangelinan and Jesse Pangelinan, in their capacity as Co-Administrators in PR027-12, entered into agreements with attorney John Unpingco for legal services and surveyor Generalismo Villaflores for surveying services.

18. The Co-Administrators attempted to survey, subdivide, and distribute Estate 471 to all of Juan's six children in equal shares.

19. Later, the Co-Administrators filed a motion to dismiss the probate proceedings, claiming that Juan's Estate had no real property to distribute, since GALC deeded the property to Juan's six (6) children. The Court granted the motion and dismissed PR027-12.

20. On April 22, 2016, plaintiffs Estate of Severa Pangelinan Gogue and Teresita Pangelinan Latour filed a Complaint to Quiet Title for Estate 471, Dededo, for partition, breach of fiduciary duties, and a declaratory judgement. Plaintiffs assert they are entitled to a twenty-eight percent (28%) interest each in Estate 471, while Defendants are entitled to an eleven percent (11%) ownership interest in the property. Plaintiffs further assert that they are not liable to Jesus Pangelinan, Jesse Pangelinan, the Estate of Juan Unpingco Pangelinan, attorney John Unpingco, surveyor Generalismo Villaflores, or to any others, for any work performed or services rendered, for the probate, acquisition, appraisal, surveying, subdivision, mapping, or distribution of Estate 471 in Juan's probate case.

## CONCLUSIONS OF LAW

### Quiet Title Action

Guam law allows Plaintiffs to bring an action against other co-owners for the purpose of determining their adverse claims to property. See 21 G.C.A. §25101. The GALC Quitclaim Deed that conveyed Estate 471 to Juan's six children was accompanied by an Affidavit of Transferee, signed by heir Delfina Flores, which contained the following language:

> The undersigned does not assert that s/he is a Grantee claiming, entitling to, or possessing any ownership interest in the above described property, but is acting on behalf of all the transferees/heirs of Jose T. Pangelinan, Regina P. Duenas, Delfina Flores, Jesus T. Pangelinan, Severa C. Pangelinan, and Teresita C. Pangelinan in order that the deed from the Guam Ancestral Lands Commission may be duly recorded in the records of the Department of Land Management as property that is owned in common by the heirs *as their interest may be determined by a court of competent jurisdiction* (emphasis added).

The GALC's Quitclaim Deed conveys the property to the six children as co-owners, and it does not preclude a separate action to quiet title in a court of competent jurisdiction.

Defendants argue that Plaintiff's request to quiet title is a collateral attack on the decision of the Ancestral Lands Commission. The Court disagrees. Plaintiffs do not seek any order against GALC, but instead request an order from this Court for a cause that has not been determined by the GALC. See Gov't of Guam v. Gutierrez ex rel. Torres, 2015 Guam 8 ¶ 15 (explaining that the Legislature intended GALC to exercise jurisdiction over land claims concurrent with the legal remedies available under the Superior Court's original jurisdiction). Defendants argue that Gutierrez does not apply in the instant case, as GALC was a real party in interest in the Government of Guam's action in Gutierrez. However, the Gutierrez opinion makes no indication that the Superior Court's jurisdiction over the matter was dependent upon the types of litigants involved in the case.

**Partition**

Plaintiffs are permitted to bring this present demand for partition pursuant to 7 G.C.A. § 24401, which allows a co-tenant to bring an action for a partition of real property according to the respective rights of the persons interested therein.

15 G.C.A. § 903(b)(1) states that, in a situation where a decedent leaves a surviving spouse and more than one living child, a decedent's separate estate goes one-third (1/3) to the decedent's surviving spouse and the remainder in equal shares to the decedent's children and to the lawful issue of any deceased child.

Maria, as the surviving spouse, inherited a one-third (1/3) share. When Maria died, her share went to her sole heirs, Severa and Teresita, who are additionally entitled to their portions of the two-thirds (2/3) share which is to be split among the six children. Accordingly, Severa and Teresita are entitled to a 28% interest in Estate 471, while Juan's other four children from his first marriage (Jose, Jesus, Delfina, and Regina) or their respective heirs at law, are each entitled

to an 11% interest in Estate 471. Any partition of Estate 471 shall therefore be in accordance with the respective interests of the heirs stated above.

Defendants argue that a partition cannot be ordered without an approved map. However, 7 G.C.A. § 24401 does not require an approved map to exist for a partition action to take place.

Defendants also argue that 15 G.C.A. § 813 requires that all of Juan's children are to inherit equally. Section 813 states that "Kindred of the half blood inherit equally with those of the whole blood in the same degree..." Section 813 was copied verbatim from Cal. Prob. Code § 254. The California Supreme Court in Estate of Ryan, 21 Cal.2d 498 (1943) (en banc), held that Section 254 was founded on the common law rule that "*on failure of lineal descendants* the inheritance descended to the decedent's collateral relations who were of the blood of the 'first purchaser.'" Thus, like Section 254, Guam's Section 813 applies only where there is a failure of lineal descendants. There is no such failure here since Juan was survived by his six children, as well as his wife Maria. The cases cited by Defendants Jesus T. Pangelinan and Jesse F. Pangelinan are cases involving decedents who left no spouses or children, and the heirs were cousins of the decedents.

**Breach of Fiduciary Duties**

Plaintiffs claim that they are not bound by the Co-Administrators' actions in the probate case, including the Co-Administrators' agreements to convey land, as fees for services provided, to themselves, their lawyer, and the surveyor. The Co-Administrators made these agreements while acting as administrators in the probate matter Estate of Juan Unpingco Pangelinan. This matter was dismissed, and the Co-Administrators' actions are therefore void. Plaintiffs are therefore not bound to these agreements. Because the actions are void, Plaintiffs are not entitled to any damages for breach of fiduciary duties.

**Declaratory Judgment**

Plaintiffs request this Court to grant Declaratory Judgment that Plaintiffs: (i) are each entitled to a 28% ownership interest in Estate 471; and (ii) are not liable to Jesus Pangelinan, Jesse Pangelinan, the Estate of Juan Unpingco Pangelinan, attorney John Unpingco, surveyor Generalismo Villaflores, or to any others, for any work performed or services rendered, for the probate, acquisition, appraisal, surveying, subdivision, mapping, or distribution of Estate 471 in Juan's probate case.

# ORDER

**IT IS ORDERED,** in accordance with these findings of fact and conclusions of law:

1. Plaintiffs Teresita Pangelinan Latour and Estate of Severa Pangelinan Gogue are each entitled to a 28% ownership interest in Estate 471;

2. Plaintiffs Teresita Pangelinan Latour and Estate of Severa Pangelinan Gogue are not liable to Jesus Pangelinan, Jesse Pangelinan, the Estate of Juan Unpingco Pangelinan, attorney John Unpingco, surveyor Generalismo Villaflores, or to any others, for any work performed or services rendered, for the probate, acquisition, appraisal, surveying, subdivision, mapping, or distribution of Estate 471 in Juan's probate case.

SO ORDERED, this _____ day of _____ 201__

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:

ACA. J Unpingco
Cruz file

Date: 1/3/19 Time: 3PM

Jeanne R. C. James
Deputy Clerk, Superior Court of Guam